Filed 7/8/26  P. v. Spate CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIAH LYN SPATE,<br><br>Defendant and Appellant. | F088897<br><br>(Super. Ct. No. F24904573)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Kari Ricci Mueller, and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Meehan, J. and DeSantos, J.

Defendant Mariah Lyn Spate contends on appeal that the sentence must be vacated and the matter remanded for resentencing because defense counsel provided ineffective assistance by failing to object when the trial court relied on an unproven aggravating factor and failed to consider mitigating factors when it imposed the midterm for count 6 and the upper term for the firearm enhancements.  The People disagree.  We affirm.

## PROCEDURAL SUMMARY

On August 8, 2024, the Fresno County District Attorney filed an amended consolidated information charging defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (b);[1] count 1); assault with a firearm (§ 245, subd. (a)(2); count 2); two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 3 & 4); discharging of a firearm with gross negligence (§ 246.3, subd. (a); count 5); and resisting an executive officer (§ 69, subd. (a); count 6).  As to counts 1 and 2, it was further alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).  As to counts 1, 2, and 6, it was further alleged that defendant personally used a firearm (§ 12022.5, subd. (a)).  As to count 5, it was further alleged that defendant personally used a handgun (§ 969f).  As an aggravating factor, it was alleged that defendant's prior convictions were numerous or of increasing seriousness (Cal. Rules of Court,[2] rule 4.421(b)(2)).

On August 8, 2024, defendant pled not guilty to all counts and denied the allegations.

On August 21, 2024, the jury found defendant not guilty of counts 1 and 2 and guilty on counts 3 through 6.  As to count 5, the jury found true the firearm enhancement (§ 969f).  As to count 6, the jury found true the firearm enhancement (§ 12022.5, subd. (a)).  Defendant waived her right to a jury trial on the aggravating factor.

---

[1]     All further statutory references are to the Penal Code.

[2]     All further rules references are to the California Rules of Court.

2.

On August 22, 2024, the trial court found true the aggravated sentencing factor that her prior convictions were of numerous or increasing seriousness (rule 4.421(b)(2)).

On October 24, 2024, the trial court sentenced defendant to a total term of 12 years eight months, as follows:  on count 6 (§ 69; resisting an executive officer), two years (the mid-term), plus 10 years (the upper term) for the firearm enhancement (§ 12022.5, subd. (a)), and on count 3 (§ 29800, subd. (a)(1); possession of a firearm by a felon), eight months (one-third the mid-term), consecutive.  The court stayed two-year terms for counts 4 and 5 pursuant to section 654.  The court awarded defendant with 926 days of credit.

On November 4, 2024, defendant filed a timely notice of appeal.

### FACTUAL SUMMARY[3]

On August 11, 2022, Fresno County Sheriff's deputies stopped defendant's car because she had an active warrant for her arrest.  Deputies took her into custody, patting her down and placing her in the backseat of a patrol vehicle.  Defendant told them she was a "cop," that they were "f[***]ed," that she was going to sue them, and that the arrest warrant was probably for her mother and not her.

A minute or two after the deputies put her in the patrol vehicle, defendant discharged a firearm three to four times, shooting out of the back window of the patrol vehicle.  At least two deputies returned fire.  Defendant threw a handgun out of the patrol car, then deputies pulled her out of the car and re-handcuffed her.  Deputies searching the patrol car found a .380-caliber shell casing inside.

### DISCUSSION

Defendant contends defense counsel provided ineffective assistance by failing to object when the trial court improperly relied on the unproven aggravating factor of the

---

[3]     Only the facts underlying count 6 and the section 12022.5, subdivision (a) enhancement are relevant to defendant's appeal.  Accordingly, we omit the facts underlying defendant's other offenses.

"gravity of the case" and failed to consider mitigating factors when it imposed the middle term for count 6 and the upper term for the section 12022.5, subdivision (a) enhancement. The People disagree. We agree with the People.

## A.    Background

The parties filed written sentencing briefs. Defendant's sentencing brief requested the lower term and discussed her history of mental health issues and trauma as a victim of domestic violence, child abuse, and sexual abuse.

Two psychological evaluations were also admitted to the record: one by Dr. Tamar Kenworthy in an unrelated criminal matter, and the second by Dr. Alanna Newton in the instant case, pursuant to section 1001.36. Both evaluations concluded defendant suffered from mental illness. Kenworthy's report stated defendant was incompetent to stand trial, concluding she suffered from "Unspecified Bipolar Disorder," "Bipolar 1 Disorder," and "Delusional Disorder." Newton's report stated defendant suffered from "Unspecified Schizophrenia and Other Psychotic Disorder."

At the sentencing hearing, the trial court heard argument from both parties.

Defense counsel requested that the court impose the lower term of 16 months on count 6 and the lower term of three years for the section 12022.5, subdivision (a) enhancement. Defense counsel discussed the increasing seriousness of defendant's criminal history, emphasizing her mental health diagnosis and childhood abuse, stating,

> "This is [defendant's] first violent offense. We are not denying her criminal history, however this is her first violent offense.… [Defendant] was a victim growing up of child abuse[,] sexual abuse and domestic violence. At the time of this incident she was suffering from a mental health diagnosis, a severe mental health diagnosis that [is] detailed in [Kenworthy's] report."

The prosecution emphasized defendant's lengthy criminal history, current offenses, and refusal to recognize her mental illness, stating,

> "[Defendant's] criminal record indicates a significant history of noncompliance with the rules of the court, and the—what is addressed in

[our] moving papers is that [defendant] essentially is refusing to recognize the issues that may be, at least in part, a culprit of what has led her to this point. So with that record I don't believe that the [c]ourt has any reason to think that a lesser sentence would result in a better outcome in the future. [Defendant] is simply refusing to recognize her own issues, refusing to deal with them adequately. She's been provided ample opportunity to do so, and her actions that led her to this point are exceptionally violent. So with that said I would submit with the recommendation [in the moving papers], which appears to match the recommendation by [p]robation."

The trial court denied defendant's request to place her in mental health diversion, on probation and to strike the section 12022.5, subdivision (a) enhancement and imposed the midterm for count 6, noting the offense involved defendant firing a gun in public. It stated,

> "The [c]ourt heard the testimony in this case, understood the procedural history of the case, and now after verdict understands the prior criminal history and attempts at treatment of [defendant]. And I would only repeat those things that [the prosecution] says in his papers, that [were] just echoed here, is that [defendant] refuses to address those issues. She's been given opportunities. She was on probation at the time—or on diversion out of Lake County here in Northern California on two separate grants of mental health diversion in 2022, and she failed to appear and bench warrants were issued. Those diversions—I looked up the dates. I can't recall if they were on or around the time or shortly before these incidents arose that was the subject of the charges in this case. So there was no excuse not to appear in those matters.… I can't help [but] to take into consideration, give the weight to the statements of [Newton], who states that, '[Defendant]'s diagnosed conditions are known to respond [to] treatment. She reported a desire to participate in treatment, however it should be noted … that [defendant] displays no insight into her mental health symptoms, her need for medication, and refuses offered services in jail. She was also previously on mental health diversion in another county at the time of the current charges.' [Newton] then, at page 12, concludes that 'based on the information gained in the present evaluation, [defendant] appears to pose a high risk for danger to public safety if treated in the community.' … The [c]ourt would find by a preponderance of the evidence, the [c]ourt would find by clear and convincing evidence, that she poses an extreme danger to public safety that outweighs any consideration of any probation in this case. I find that it would not serve the interest of justice to grant probation nor mental health diversion. She is just too dangerous. The two incidents that were the subject of this trial was a

5.

firearm that was basically hidden.  It was not brandished until moments before the shooting started on each of the allegations.…  [S]he can and knows [how] to, you know, hide or secret the firearm so as to have that element of surprise, which the deputies certainly had [when she committed the offenses].  And then she has no qualms in pulling the trigger of that firearm either.  So for those reasons and based on the—and likewise, the crimes increasing in their seriousness and severity of the crime, the [c]ourt finds that she is not suitable for probation.…  Therefore the [c]ourt will deny probation, and for the violation of [c]ount 6 … [t]he [c]ourt will impose the [midterm] of two years, understanding the only mitigating thing that arguably is mitigating, but not … the opposing side would be, Hey, yeah, she didn't fire in the direction of the peace officers that were—that were to her right in the patrol car, but there—there was an apartment complex 50 yards away, across the street in the direction that she did fire in.…  Having been convicted of the enhancement under … section 12022.5[, subdivision] (a) the [c]ourt understands its discretion likewise to stay—strike the punishment, strike the enhancement.  The [c]ourt is not choosing to do any of those things, in that the gravity of the crime and the status of the—of the defendant at the time while on grants of mental health diversion, two other felony cases out of Lake County, declines to do so.  And the number of shots that were fired as well.  It wasn't that she broke out the back window of the patrol car with a firearm using the butt of it.  It wasn't that she fired the firearm only one time out of the window.  She fired and pulled that trigger and had to engage in separate thoughts and actions for each pull of that trigger, and she fired a number of times outside of the back of that window, endangering anyone nearby and in the zone of that shooting.  So the [c]ourt will impose the aggravated term of [10] years for a violation of [section] 12022.5[, subdivision] (a) .…"

### B.     Law

A criminal defendant has a constitutional right to effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Strickland v. Washington* (1984) 466 U.S. 668, 684–685 (*Strickland*).)  To prove ineffective assistance, the appellant first must show that their attorney performed below the standard of reasonableness under prevailing professional norms; and second, there is a reasonable probability that but for this substandard performance, the result of the proceeding would have been more favorable to appellant.  (*Strickland*, at pp. 686–688; *People v. Mai* (2013) 57 Cal.4th 986, 1009; *People v. Brand* (2021) 59 Cal.App.5th 861, 871–872.)  "It is defendant's burden to

demonstrate the inadequacy of trial counsel." (*People v. Lucas* (1995) 12 Cal.4th 415, 436.) An insufficient showing on either component is fatal to an ineffective assistance claim. (*Strickland*, at p. 687; accord, *Brand*, at pp. 871–872 [we concluded an ineffective assistance claim fails if the defendant makes an insufficient showing on either one of the two *Strickland* prongs].)

Claims of ineffective assistance are often not cognizable on appeal, as we give deference to trial counsel's tactical choices, and the record rarely provides information regarding counsel's strategy. (*Strickland*, *supra*, 466 U.S. at pp. 690–691; accord, *People v. Silvey* (1997) 58 Cal.App.4th 1320, 1329 ["Ineffective assistance of counsel claims are rarely cognizable on appeal."].) In evaluating a defendant's claim of incompetence, " ' "[a] fair assessment of attorney performance requires that every effort be made … to evaluate the conduct from counsel's perspective at the time." ' " (*People v. Mayfield* (1993) 5 Cal.4th 142, 199.)

We must reject claims of ineffective assistance if the record "does not affirmatively show why counsel failed to object and the circumstances suggest counsel could have had a valid tactical reason for not objecting." (*People v. Jones* (2009) 178 Cal.App.4th 853, 860, citing *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.) We must similarly reject claims of ineffective assistance "unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation." (*People v. Scott* (1997) 15 Cal.4th 1188, 1212.)

### C.    *Analysis*

Here, defense counsel did not provide ineffective assistance by failing to object to the court's imposition of the middle term on count 6 and upper term on the section 12022.5, subdivision (a) enhancement by relying on the unproven aggravating factor of the "gravity of the crime" pursuant to section 1170, subdivision (b)(2) and by failing to consider the mitigating factors of defendant's psychological, physical, and childhood trauma pursuant to section 1170, subdivision (b)(6) and her mental illness

7.

pursuant to rule 4.423. First, section 1170, subdivision (b)(2) is inapplicable to the middle term imposed on count 6. Second, the court did not rely on the unproven aggravated term of the "gravity of the crime" when imposing the upper term on the section 12022.5, subdivision (a) enhancement. Third, the record shows the court properly considered the mitigating factors of her psychological, physical, and childhood trauma pursuant to section 1170, subdivision (b)(6), and fourth, the record also shows the court properly considered her mental illness as a mitigating factor pursuant to rule 4.423. Accordingly, defense counsel did not provide ineffective assistance of counsel by failing to object on those grounds, as any objection would have been futile. Last, we also conclude that even if the court improperly weighed the mitigating factors against the single, proven aggravating factor that defendant's convictions were numerous or of increasing seriousness, defendant was not prejudiced because there is not a reasonable probability pursuant to *Strickland* that the trial court would have imposed the lower terms, had defense counsel objected.

### Middle Term on Count 6

Defendant first argues defense counsel provided ineffective assistance by failing to object to the trial court's reliance on the " 'gravity of the case' " as an aggravating factor when imposing the middle term for count 6.

Effective January 1, 2022, a sentencing court may not impose a determinate upper term sentence unless (1) "there are circumstances in aggravation of the crime that justify [its] imposition," and (2) the aggravating circumstances "have been stipulated to by the defendant or … found true beyond a reasonable doubt at trial." (§ 1170, subd. (b)(1), (2).) Pursuant to subdivision (d)(2) of section 1170.1, the same principles apply for selecting a term for an enhancement. (§ 1170.1, subd. (d)(2).)

Other than stipulated facts or the fact of a prior conviction, "aggravating facts relied upon to justify an upper term must be resolved by the jury beyond a reasonable doubt." (*People v. Lynch* (2024) 16 Cal.5th 730, 755.) "[T]his jury trial right is not

8.

merely a state law entitlement, but is constitutionally required for all aggravating facts, other than a prior conviction." (*People v. Wiley* (2025) 17 Cal.5th 1069, 1078.) "A Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, at p. 768.)

Section 1170, subdivision (b) only applies to imposition of the upper term, but here, the trial court imposed the middle term on count 6. (See § 1170, subd. (b)(2); *Wiley*, *supra*, 17 Cal.5th at p. 1078.) Accordingly, because the court did not impose the upper term on count 6, section 1170, subdivision (b) is inapplicable to that term and defense counsel had no grounds to lodge an objection to the court's imposition of the middle term on that basis. Thus, defense counsel did not provide ineffective assistance of counsel by failing to object to the court's imposition of the middle term on count 6 based on its supposed reliance on the " 'gravity of the case' " as an unproven aggravating factor.

### *Upper Term on Section 12022.5, Subdivision (a) Enhancement*

Defendant next argues that defense counsel provided ineffective assistance by failing to object to the trial court's imposition of the upper term of 10 years for the section 12022.5, subdivision (a) enhancement to count 6 because it relied on the unproven aggravating factor of the " 'gravity of the case.' "

The People argue as a threshold issue that defendant forfeited this claim because she did not identify the claim in her opening brief with a separate heading, supporting authorities, or meaningful analysis. (*People v. Flores* (2024) 101 Cal.App.5th 438, 451, fn. 3.)

However, regardless of whether defendant forfeited the claim, defense counsel did not provide ineffective assistance by failing to object to the court's imposition of the upper term for the section 12022.5, subdivision (a) enhancement by relying on the unproven aggravating factor of the gravity of the crime.

9.

We disagree with defendant's contention that the trial court relied on the "gravity of the case" as an unproven aggravating factor when imposing the upper term for the section 12022.5, subdivision (a) enhancement. Defendant mischaracterizes the court's statement and takes out of context its use of the words "gravity of the crime" when it was discussing the proven aggravating factor of her offenses being numerous or of increasing seriousness.

Here, the court stated in pertinent part:

> "The [c]ourt is not choosing to do any of those things, in that the gravity of the crime and the status of the—of [defendant] at the time while on grants of mental health diversion, two other felony cases out of Lake County, declines to do so. And the number of shots that were fired as well. It wasn't that she broke out the back window of the patrol car with a firearm using the butt of it. It wasn't that she fired the firearm only one time out of the window. She fired and pulled that trigger and had to engage in separate thoughts and actions for each pull of that trigger, and she fired a number of times outside of the back of that window, endangering anyone nearby and in the zone of that shooting. So the [c]ourt will impose the aggravated term of [10] years for a violation of [section] 12022.5[, subdivision] (a) …."

Although the trial court used the words "gravity of the crime" when discussing the sentence for the section 12022.5, subdivision (a) enhancement, the court's statement when read as a whole shows that the term was only used in the vernacular as part of its discussion of the proven aggravating factor of the increasing seriousness of defendant's offenses, as it first noted her prior felonies in which she had already been granted mental health diversion, then discussed the instant offense, where she shot out of a patrol car numerous times while under arrest, and after slipping out of her handcuffs. The court's use of the common word "gravity" to convey seriousness when discussing the instant offense does not in and of itself mean that the court relied separately on the "gravity of the crime" as an unproven aggravating factor.

As the trial court stated, when it found the aggravating factor that defendant's offenses were numerous or of increasing seriousness true beyond a reasonable doubt, it

10.

did so with an "understanding [of] this current case from which she was convicted in the [c]ounts 3, 4, 5, and 6." The nature and so-called "gravity" of count 6 (resisting an executive officer) were essential to the court's factual finding that her offenses were numerous and of increasing seriousness, which it found true beyond a reasonable doubt. Accordingly, the context of the court's use of the common word "gravity" to discuss the seriousness of the instant offense shows the court did not rely on the "gravity of the crime" as a separate, unproven aggravating factor, but rather, only relied on the properly proven aggravating factor that her offenses were numerous or of increasing seriousness, since the instant offense was her most violent and serious offense to date.

Accordingly, as the trial court did not improperly rely on the "gravity of the crime" as a separate, unproven aggravating factor, defense counsel did not provide ineffective assistance to defendant by failing to object to the court's imposition of the sentence on this basis.

### *Defendant's Psychological, Physical, and Childhood Trauma as Mitigating Factors (§ 1170, Subdivision (b)(6))*

Defendant next contends that defense counsel provided ineffective assistance by failing to object when the trial court improperly failed to consider her psychological, physical, and childhood trauma as mitigating factors requiring the imposition of the lower terms pursuant to section 1170, subdivision (b)(6)(A).

Section 1170, subdivision (b)(6) provides an exception to subdivision (b)(2) of that section, stating in pertinent part:

> "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6), (6)(a).)

11.

Accordingly, subdivision (b)(6)(A) of section 1170 requires the trial court to consider whether the psychological, physical, or childhood trauma was a "contributing factor" in the commission of the alleged offense, unless the aggravating factors outweigh the mitigating factors such that a lower term would be contrary to the interest of justice. (§ 1170, subd. (b)(6).)

Here, the record shows the trial court was aware of and considered defendant's psychological, physical, and childhood trauma during sentencing. In addition to the parties' oral arguments at the sentencing hearing, defendant's sentencing memorandum was read and considered by the court. It outlined defendant's chaotic upbringing involving emotional abuse and drug abuse, including her mother leaving her when defendant was seven years old, never knowing her father, often being left to survive on her own, and later in life being in a long-term relationship with a "violent alcoholic" who subjected her to domestic violence. The court also considered the two psychological evaluations submitted to the court at the time of sentencing, which both stated defendant suffered from mental illness. The court also heard testimony at trial about her behavior when she was committing the offense, including Fresno County Sheriff's detective Larry Waldrop's testimony that defendant's language was "outlandish" at the time of her arrest, stating she was a police officer and that the arrest warrant was probably for her mother.

Here, the record shows the trial court was well aware of defendant's history of psychological, physical, and childhood trauma when it found the aggravating factor that defendant's convictions were numerous or of increasing seriousness outweighed those mitigating factors. Even though the court did not expressly state it was applying section 1170, subdivision (b)(6), "[a]bsent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.) Accordingly, defense counsel's performance was objectively reasonable pursuant to *Strickland* and any objection by defense counsel on this ground would have been futile, as defense counsel's arguments and sentencing memorandums were sufficient

to alert the court to defendant's traumas as a basis for its request that the court impose the lower terms, and which the record shows the court considered, as it discussed defendant's mental health history and the evaluations by the psychologists.

### *Mental Illness as a Mitigating Factor (Rule 4.423)*

Defendant likewise argues that defense counsel provided ineffective assistance by failing to object when the trial court improperly failed to consider mental illness as a mitigating factor pursuant to rule 4.423.

As stated above, section 1170, subdivision (b)(6) provides an exception to subdivision (b)(2) of that section, stating that unless the court finds that the aggravating circumstances outweigh the mitigating circumstances, that imposition of the lower term would be contrary to the interests of justice and the court shall order imposition of the lower term if certain mitigating factors are found. (See § 1170, subd. (b)(6).) Rule 4.423 recognizes mental illness as a mitigating factor. (Rule 4.423, subd. (b)(2) ["The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime."].)

Discussing defendant's mental illness, the court stated in pertinent part during sentencing:

> "The [c]ourt heard the testimony in this case, understood the procedural history of the case, and now after verdict understands the prior criminal history and attempts at treatment of [defendant]. And I would only repeat those things that [the prosecution] says in his papers, that [were] just echoed here, is that [defendant] refuses to address those issues. She's been given opportunities. She was on probation at the time—or on diversion out of Lake County here in Northern California on two separate grants of mental health diversion in 2022, and she failed to appear and bench warrants were issued.… I can't help [but] to take into consideration, give the weight to the statements of [Newton], who states that, '[Defendant]'s diagnosed conditions are known to respond [to] treatment. She reported a desire to participate in treatment, however it should be noted … that [defendant] displays no insight into her mental health symptoms, her need for medication, and refuses offered services in jail. She was also previously on mental health diversion in another county at the time of the

current charges.' [Newton] then, at page 12, concludes that 'based on the information gained in the present evaluation, [defendant] appears to pose a high risk for danger to public safety if treated in the community.' "

Accordingly, the record here shows the trial court was well aware of defendant's mental illness, and in fact expressly discussed the impact of her mental illness on her conduct during sentencing, when it found the aggravating factor that defendant's convictions were numerous or of increasing seriousness outweighed that mitigating factor. As stated above, even though the court did not expressly state it was applying rule 4.423 or section 1170, subdivision (b)(6), absent evidence to the contrary, we presume that the trial court knew and applied the governing law. Accordingly, we conclude defense counsel's performance was objectively reasonable pursuant to *Strickland* because any objection by defense counsel on this ground would have been futile. Defense counsel's arguments and sentencing memorandums and the psychological evaluations were sufficient to alert the court to defendant's mental illness as a basis for its request that the court impose the lower terms, which the record shows the court considered, as it discussed defendant's mental health history and the evaluations by the psychologists during sentencing.

### *Prejudice*

Defendant next contends that defense counsel's ineffective performance was prejudicial, because there is a reasonable probability that, had counsel objected to the trial court's errors, the low terms would have been imposed. She argues the only way the low terms would not have been imposed would have been if the court made a finding that the single aggravating circumstance outweighed the mitigating circumstances to the extent that imposition of the low terms would have been contrary to the interests of justice.

As discussed above, we conclude the record shows the trial court weighed those mitigating factors against the single proven aggravating factor and determined that imposing the low terms would have been contrary to the interests of justice.

Accordingly, there was no error by the court and no ineffective assistance by defense counsel for failing to object on those grounds.

Further, even if the trial court did not properly weigh the alleged mitigating factors against the aggravating factor, the record shows there is not a reasonable probability of a better outcome for defendant, as the court's statement shows it considered her request for mental health diversion and probation, but denied both, explaining that it was concerned that her mental health had caused her prior failures on mental health diversion, lack of insight into her mental illness, and created a high risk of violence if she were released and also stated it was concerned about the aggravating factors of the increasing seriousness of her criminal record found true in her case.

Prejudice occurs when there is "a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Centeno* (2014) 60 Cal.4th 659, 676; see also *Strickland*, *supra*, 466 U.S. at p. 694.)

Here, as stated above, the trial court was aware of defendant's psychological, physical, and childhood trauma and mental illness, especially in light of the prosecution's concession that her mental health issues were "likely connected to the commission of this crime" but that "factor is negligible in terms of mitigation. As the court explained in its statement at sentencing, it declined to grant defendant mental health diversion and probation and declined to strike the firearm enhancement because defendant lacked insight into her mental illness, was already on mental health diversion when committing the offense, and Newton had concluded she was a high risk of danger if released into the community.

Accordingly, there is not a reasonable probability the trial court would have imposed the lower terms, had defense counsel objected, and accordingly, any ineffective assistance by defense counsel was not prejudicial.

## DISPOSITION

The judgment is affirmed.